UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TAMMY BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-00083-TWP-DML |
| | ) |
| GAMING ENTERTAINMENT (INDIANA) LLC | ) |
| d/b/a RISING STAR CASINO RESORT, and | ) |
| FULL HOUSE RESORTS, INC. | ) |
| d/b/a RISING STAR CASINO RESORT, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTIONS *IN LIMINE*

This matter is before the Court on three motions *in limine* filed by Defendants Gaming Entertainment (Indiana), LLC d/b/a Rising Star Casino Resort, and Full House Resorts, Inc. d/b/a Rising Star Casino Resort (collectively, "Rising Star"), in particular, Motion *in Limine* to Exclude Lay Opinion Testimony of Stephanie Blevins ([Filing No. 59](#)), Motion *in Limine* to Limit Plaintiff's Testimony ([Filing No. 60](#)), and Motion *in Limine* to Prevent Introduction of Incident Reports for Prior Accidents ([Filing No. 61](#)). Blevins has not responded to the Motions *in Limine*. For the following reasons, Rising Star's Motions *in Limine* are either **granted** and **denied.**

### I. DISCUSSION

This lawsuit concerns Blevins' fall from a stool while gambling at Rising Star's casino and her subsequent injury. Blevins alleges Rising Star was negligent in failing to take steps to protect her, an invitee, from being injured due to a dangerous stool or stools on their property. At the time of the incident, Blevins's daughter, Stephanie Blevins ("Stephanie"), was accompanying her at the casino, but Stephanie testified that she did not see what caused her mother to fall as it was happening. Following the incident, Blevins filed this action and the matter is schedule for trial on

July 29, 2019. Blevins' Final Exhibit List includes fourteen (14) incident reports associated with other injuries incurred at Rising Star's casino. ([Filing No. 40](#).) The incident reports "detail[] incidents in which other guests of the Defendant casino fell while using stools provided by the casino." ([Filing No. 61 at 4](#).) Rising Star seeks to limit and exclude testimony and evidence related to the following matters.

### A. Motion *In Limine* To Exclude Lay Opinion Testimony Of Stephanie Blevins ([Filing No. 59](#))

At the time of the incident, Blevins's daughter, Stephanie, had accompanied her to the casino; however, Stephanie testified in deposition that she did not see what caused her mother to fall as it was happening. Rising Star seeks to exclude the unsupported and uncorroborated lay opinions of Stephanie, regarding the issue of causation. ([Filing No. 59](#).) In support of its Motion, Rising Star argues that despite not seeing what caused her mother to fall, Stephanie offered an opinion of the "style" or design defects of the stool that allegedly caused the fall. *Id*. at 3. Rising Star argues that Stephanie did not personally witness her mother fall, therefore, her testimony does not comply with Federal Rule of Evidence 602. *Id*. at 2.

Under Rule 602, a witness may only testify to a matter of which she has personal knowledge. Evidence to prove personal knowledge may consist of the witness' own testimony. Rising Star alleges that Stephanie has no reliable basis for her opinion regarding the stool or its design. *Id*. at 4. Under Federal Rule of Evidence 701, if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness' perception; (b) helpful to clearly understand the witness' testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

When asked, "Other than the style of the chair, did you observe anything about the chair that appeared to be defective in any way?" Stephanie answered, "No." *Id*. at 3. When asked, "Did you personally, observe any indication of the chair being loose in any way?" Stephanie answered, "I don't remember looking at the chair like in depth looking for issues of the chair. I was concerned about my mom." *Id*. Finally, when asked "So you don't have any personal knowledge of the stool being loose at all?" Stephanie answered, "No I do not." *Id*. at 3. (*See* Stephanie Blevins' Depo. P 13 L 23 – P 15 L12.)

Stephanie's testimony demonstrates that she did not personally witness the fall or inspect the chair after the fall occurred. Because she lacks personal knowledge of the relevant facts, she is not qualified to give lay testimony under Rule 602. For that reason, Rising Star's Motion *in Limine* to Exclude Lay Opinion Testimony of Stephanie Blevins ([Filing No. 59](#)) is **granted**. The Court will exclude Stephanie's testimony at trial as it relates to alleged design or style defects to the stool Blevins was sitting on.

**B.      Motion to limit Blevins' Testimony ([Filing No. 60](#))**

Rising Star anticipates that Blevins will offer testimony or argument that the stool she was seated on was "wobbly" or "unstable." *Id*. at 2. It seeks to limit and/or preclude testimony or argument regarding the condition of the stool at the time of the incident because no evidence has been presented demonstrating the stool was in fact, "wobbly" or "unstable" at any time prior to the fall. ([Filing No. 60](#).) When asked if she noticed the stool to be "wobbly" before sitting on it, Blevins admits she did not. *Id*. at 3. Rising Star argues Blevins' belief that the stool was faulty and "wobbly" or "unstable" occurred after the chair had fallen to the floor. *Id*. at 4. They contend testimony regarding the nature of the stool after the incident had already occurred could prejudice the jury. *Id*.

Under Federal Rule of Evidence 602, a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness' own testimony. Blevins stated that the stool was faulty and that it was "very wobbly." *Id*. at 2. When asked, "… di[d] you, personally, see or observe the chair to be wobbly?" Blevins answered, "No." *Id*. at 3. And when asked, "… The description that you provided of the chair being very wobbly, … is that based on the fact that you fell when you sat in it?" Ms. Blevins answered. "Yes." *Id*.

There may be inconsistencies in how Blevins described the stool, however those inconsistencies go toward the weight and not admissibility of this evidence. Court finds that Blevins possessed the personal knowledge required to comply with Rule 602. Blevins' testimony that the stool was wobbly is based on how the stool felt when she sat on it and when she fell off of it. The Rules of Evidence allow Blevins to testify about her experiences as she perceived them. For that reason, Rising Star's Motion *in Limine* to Limit Plaintiff's Testimony ([Filing No. 60](#)) is **denied**.

C.  **Motion to Prevent Introduction of Incident Reports for Prior Accidents ([Filing No. 61](#)).**

Blevins' Final Exhibit List includes fourteen (14) incident reports associated with other injuries incurred at Rising Star's casino which detail accidents in which other guests of the Defendants' casino fell while using stools provided by the casino. ([Filing No. 61 at 4](#).) Rising Star seeks to prevent Blevins from introducing those incident reports at trial. In support of its motion, Rising Star argues the prior incident reports and associated summaries and statements (1) constitute inadmissible hearsay, (2) are not relevant, and (3) are inadmissible under Federal Rule of Evidence 403. The Court will address each argument in turn.

1. **<u>Inadmissible Hearsay</u>**

Rising Star first argues that the lack of knowledge of the incident reports' authors, coupled with the potential lack of trustworthiness of the source of the statements recorded in the incident reports, requires that this Court find that they are inadmissible hearsay. Hearsay is a "statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible unless it falls into one of the exceptions in Rule 803. For example, Rule 803(6) excepts from the hearsay limitations "Records of a Regularly Conducted Activity;" it is also known as the business records exception. This exception allows for the admission of evidence otherwise precluded as hearsay so long as five criteria are met: (1) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (2) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (3) making a record of that activity was a regular practice; (4) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(9) or (10) or with a statute permitting certification; and (5) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

The United States Supreme Court has advised courts that the writer's motivation is key when determining whether a report is admissible under Rule 803(6). Although it was dealing with "the Act of June 20, 1936, 49 Stat. 1561, 28 U.S.C. § 695," instead of the Federal Rules of Evidence, the Supreme Court held in *Palmer v. Hoffman* that an incident report compiled by a business is not admissible as a record of a regularly conducted business activity. 318 U.S. 109 (1943). In that case, a train engineer involved in a grade crossing accident made a report of the

incident but died before trial. The Supreme Court affirmed a court's decision that the incident report was inadmissible.

> The engineer's statement … is not a record made for the systematic conduct of the business as a business. An accident report may affect that business in the sense that it affords information on which the management may act. It is not, however, typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls. The conduct of a business commonly entails the payment of tort claims incurred by the negligence of its employees. But the fact that a company makes a business out of recording its employees' versions of their accidents does not put those statements in the class of records made 'in the regular course' of the business within the meaning of the Act. If it did, then any law office in the land could follow the same course, since business as defined in the Act includes the professions. We would then have a real perversion of a rule designed to facilitate admission of records which experience has shown to be quite trustworthy. Any business by installing a regular system for recording and preserving its version of accidents for which it was potentially liable could qualify those reports under the Act. The result would be that the Act would cover any system of recording events or occurrences provided it was 'regular' and though it had little or nothing to do with the management and operation of the business as such.

*Palmer* at 113.

The U.S. District Court for the District of New Jersey observed when applying that reasoning in the context of Rule 803(6),

> In *Palmer*, the Supreme Court found that the incident report was not trustworthy and was not admissible because (1) the business had motivation to skew the record because it was prepared in anticipation of litigation, and (2) the record was not routinely created but was only created because of an unusual accident.

*Ebenhoech v. Koppers Industries, Inc.*, 239 F.Supp. 2d 455, 463 (D.N.J. 2002). Many courts have found reports created in anticipation of litigation are not covered by the 803(6) hearsay exception. *See U.S. v. Blackburn*, 992 F.2d 666, 670 (7th Cir. 1993) ("Clearly, the report in this case was not kept in the course of a regularly conducted business activity, but rather was specially prepared at the behest of the FBI and with the knowledge that any information it supplied would be used in an ongoing criminal investigation."); *Scheerer v. Hardee's Food Systems, Inc.*, 92 F.3d 702, 706 (8th

6

Cir. 1996) ("In addition, the incident report was inadmissible as a business record under Fed. R. Evid. 803(6) because it had been prepared in anticipation of litigation."); *Egebergh v. Vill. of Mount Prospect*, 2014 WL 856437 at *3 (N.D. Ill. April 20, 2004) ("However, when a document is created for purposes outside of usual business operations, such as anticipation of litigation, these justifications for admissibility no longer hold true. [citation omitted]. That is the case here.").

The incident reports here were compiled by emergency medical technicians employed by Rising Star, who spoke with the guests at the scene of an incident to determine if they needed medical assistance, and to inquire as to the cause of their accident. However, Rising Star is not in the business of security, nor does it provide investigatory services. Rising Star is not in the business of providing medical treatment for people who sustain injuries on its premises. Rising Star is a casino, whose incident reports are made, like the train company in *Palmer*, only when an unusual accident occurs.

Because they were made in anticipation of litigation by an employee of the defendant business, and they are not made regularly, Rising Star's incident reports do not fall under the record of a regularly conducted activity hearsay exception of Rule 803(6). Therefore, the incident reports appear to be inadmissible hearsay and as such are not admissible at trial.

### 2. **Relevance**

Rising Star argues that any purported evidence that guests fell from a stool other than the stool upon which Blevins was sitting should be excluded because it is not relevant. *Id*. at 12. Rule 401 states that, "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Rising Star states that Blevins' Complaint contains allegations that Rising Star negligently maintained the premises of the casino resort by failing to remove a defective and dangerous stool

7

from the casino floor, which resulted in an unreasonably dangerous condition which caused Blevins' injury. ([Filing No. 1](#).) Blevins does not allege that all stools at the casino were defectively designed, nor does it specify that all stools that appear similar to the stool at issue are dangerous. ([Filing No. 61 at 12](#).) Rather, Blevins' Complaint states that her particular stool presented an unreasonably dangerous condition which caused her injury, and Rising Star negligently maintained the premises by failing to remove it. *Id*. The Complaint does not allege that the entire group of slot stools is dangerous. Therefore, according to Rising Star, the Blevins is bound by the claims set forth in her Complaint, and any evidence of prior incidents is not relevant.

The prior incident reports are probative of the fact that Rising Star negligently maintained the premises of the casino. Within a ten month period from July 11, 2014 to April 25, 2015, Rising Star had a reported 14 instances in which an individual fell from a chair on the premises. ([Filing No. 61 at 4](#).) Although in some instances the chairs were deemed adequate, other chairs were pulled from the floor after the staff determined they might be defective. These incidents might alert Rising Star that some of its chairs may be dangerous. Because the evidence may be probative of the fact that Rising Star knew it had defective chairs on its casino floor, the Court will not exclude the prior incident reports on Rule 401 grounds. Accordingly, the motion in *limine* on this basis is denied as the Court must reserve a ruling on this issue until trial.

### 3. Inadmissibility Under Fed. R. Evid. 403

Rising Star argues that if the incident reports are not inadmissible hearsay and are deemed relevant, they must still be excluded from evidence because their probative value is substantially outweighed by the danger of unfair prejudice to Rising Star. According to Rule 403 of the Federal Rules of Evidence, the court may exclude relevant evidence if its probative value is substantially

outweighed by the danger of one of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.

Rising Star argues that Blevins has not asserted that Rising Star was on notice that each and every one of the stools was dangerous based on the incident reports she intends to introduce as evidence. And it argues that admission of such evidence would prejudice a jury because the similarity between stools described in the incident report and the stool at issue in this case is so great. *Id*. at 14.

It appears that the reports are inadmissible hearsay as they consist of employee-generated reports made with the knowledge that the incident may result in litigation. Although the prior incident reports are relevant, and the prejudice associated with them does not clearly outweigh their relevance, the incident reports are inadmissible hearsay as they do not fall under the "Business Records" exception under Rule 803 (6). Therefore, Rising Star's Motion *in Limine* ([Filing No. 61](#)) is **granted.**

## II. CONCLUSION

A motion *in limine* is not a final appealable order. If either party believes that evidence preliminary deemed admissible (or inadmissible) should be challenged, counsel may request a hearing outside the presence of the jury for a determination on that challenge. For the reasons set forth above, the Court **GRANTS and DENIES** Defendants' Motions *in Limine.* Specifically, Defendants' Motion *in Limine* to Exclude Lay Opinion Testimony of Stephanie Blevins, ([Filing No. 59](#)), is **GRANTED**. Defendants' Motion *in Limine* to Limit Plaintiff's Testimony, ([Filing No. 60](#)), is **DENIED**. And Defendants' Motion *in Limine* to Prevent Introduction of Incident Reports for Prior Accidents, ([Filing No. 61](#)), is **GRANTED**.

**SO ORDERED**.

Date: 7/1/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Rheanne D. Falkner
MILLER & FALKNER
rfalkner@millerfalknerlaw.com

Charles W. Miller
MILLER & FALKNER
cmiller@millerfalknerlaw.com

Erica L. Wood
MILLER & FALKNER
ewood@millerfalknerlaw.com

John Patrick Schomaker
ROLFES HENRY CO., LPA
pschomaker@rolfeshenry.com